UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JULIA JAMES,

               Plaintiff,

- against -

THE BOARD OF TRUSTEES OF INTERFAITH
MEDICAL CENTER; ALBERT WILTSHIRE;
FOSTER J. PHILLIPS, IV; CHARLES GRANNUM;
DIANE PORTER, Jointly and Severally; WILLKIE
FARR & GALLAGHER LLP; ALAN LIPKIN;
INTERFAITH MEDICAL CENTER;CHAIRMAN
OF DASNY; JOHN DOE 1,

               Defendants.
-----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**
13-CV-7406 (CBA)

**AMON, Chief United States District Judge:**

Plaintiff Julia James filed this *pro se* action on December 30, 2013 and filed an amended complaint on December 31, 2013. Plaintiff has paid the requisite filing fee to bring this action. For the reasons that follow, plaintiff is directed to file a second amended complaint within thirty (30) days of the date of this order.

## BACKGROUND

Plaintiff is a former Interfaith Medical Center ("Interfaith") Board of Trustees member, and brings this action in connection with Interfaith's pending Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of New York ("the Bankruptcy Court"). See Interfaith Medical Center, Inc., No. 12-48226 ("the Bankruptcy Case"). Plaintiff's complaint argues that her First Amendment rights were violated when, following her objections to Interfaith's bankruptcy representations, Interfaith terminated her employment. Amend. Compl. at ¶ 8.5. Plaintiff also challenges a Memorandum of Understanding ("MOU") between

Interfaith and Kingsbrook Jewish Medical Center ("Kingsbrook") that was filed in the Bankruptcy Court on November 1, 2013, concerning an "orderly plan of closure and transition." See Amend. Compl., Exhibit 1. She alleges that the MOU is invalid because, *inter alia*, "[t]he MOU was never presented, discussed, approved, or voted on by a quorum of the Board of Trustees at any meeting held by Interfaith's Board of Trustees before the MOU was entered on the docket." Amend. Compl. at ¶ 53. Finally, plaintiff argues that "Interfaith is not insolvent and can meet its operating expenses and mortgage obligations." Amend. Compl. at 8. It is unclear what form of relief plaintiff seeks.

## DISCUSSION

Although plaintiff is proceeding *pro se,* and her complaint is held to less stringent standards than pleadings drafted by lawyers, Erickson v. Pardus, 551 U.S. 89, 94 (2007), she still must establish that the court has subject matter jurisdiction over her action. See, e.g., Rene v. Citibank NA, 32 F.Supp.2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction). Furthermore, regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte,* if it determines that the action is frivolous or the court lacks jurisdiction over the matter. Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-364 (2d Cir. 2000); Fed.R.Civ.P. 12(h)(3).

The subject matter jurisdiction of the federal courts is limited. The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Arbaugh v. Y&H Corp., 546 U.S. 500 (2006). Section 1331 provides for federal-question jurisdiction, § 1332 for diversity of citizenship jurisdiction. Id. A plaintiff properly invokes § 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the

required jurisdictional amount, currently $75,000. Id. (citing § 1332(a)). Here, plaintiff does not establish that this Court has diversity jurisdiction over her complaint.

Plaintiff invokes federal question jurisdiction pursuant to 42 U.S.C. § 1983. Compl. at ¶ 4. To state a claim pursuant to Section 1983, a plaintiff must allege that the challenged conduct was "committed by a person acting under color of state law," and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). However, aside from the Chairman of the Dormitory Authority of the State of New York, all the defendants named by plaintiff are private actors. As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotations omitted). Plaintiff has not sufficiently alleged that the hospital or its staff members were state actors, were acting in concert with state actors, or were serving as an instrumentality of the state. See, e.g., Kia P. v. McIntyre, 235 F.3d 749, 755-56 (2d Cir. 2000) (private hospital was not a state or municipal facility and thus was not liable pursuant to § 1983, unless it was acting as an instrumentality of the state).

## CONCLUSION

Because of the intangible nature of plaintiff's claim, it is unclear whether plaintiff can properly invoke federal question jurisdiction against each named defendant. Accordingly, in light of plaintiff's *pro se* status, she is directed to file a second amended complaint within thirty (30) days from the date of this order that complies with Rule 8 of the Federal Rules of Civil Procedure. The second amended complaint must state the basis for federal jurisdiction and

provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

Plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what she is complaining about and to know whether there is a legal basis for recovery. See Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 2005) (defining "fair notice" as "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial."). Plaintiff should also include all relevant dates and attach any relevant documents. Plaintiff must also state the relief she is seeking.

Plaintiff is advised that the second amended complaint she files will completely replace the original and amended complaints. The second amended complaint must be captioned, "Second Amended Complaint," and shall bear the same docket number as this Order.

All further proceedings shall be stayed for thirty (30) days or until plaintiff has complied with this Order. Although plaintiff has paid the filing fee to initiate this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Chief Judge Carol B. Amon

CAROL B. AMON
Chief United States District Judge

Dated: January 28, 2014
Brooklyn, New York

4